**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| SHAILA LEWIS, an individual, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DG STRATEGIC VII, LLC,<br><br>Defendant. | Case No. 3:25-cv-6125<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON**

PLEASE TAKE NOTICE that Defendant DG Strategic VII, LLC ("Dollar General") by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of Washington for Thurston County, to the United States District Court for the Western District of Washington, on the grounds that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and all other applicable bases for removal. In support of its Notice of Removal, Defendant avers as follows:

**PLEADING AND PROCEDURES**

1. On November 19, 2025, Plaintiff Shaila Lewis ("Plaintiff") filed a Class Action Complaint (the "Complaint") in the Superior Court of the State of Washington for the County of



McGuireWoods LLP
16631 6th Ave SW
Burien, WA 98166
(206) 718-2343

Thurston, entitled *SHAILA LEWIS, on behalf of herself and others similarly situated vs. DG STRATEGIC VII, LLC, D/B/A DOLLAR GENERAL*; Case No. 25-2-05618-34 (the "State Court Action"), a true and correct copy of which is attached hereto as **Exhibit A** ("Compl."). Plaintiff's Complaint asserts a cause of action for violation of the Washington Noncompetition Act. *See id.*, ¶¶ 6.1-6.5. Plaintiff brings her claim on behalf of herself and a putative class under Washington Civil Rule 23. *See id.*, ¶¶ 5.1-5.5. Plaintiff has defined the putative class as follows:

> All current and former employees of Dollar General who worked in Washington and earned less than twice the applicable state minimum hourly wage from January 1, 2020, through the date of certification of the class.

*Id.*, ¶ 5.2. Plaintiff seeks $5,000 in statutory damages for herself and each putative class member, as well as attorneys' fees, expenses, and costs. *Id.*, ¶ 6.5

2. On November 24, 2025, Dollar General's registered agent for service of process was served with copies of the Summons and Complaint. True and correct copies of the Summons, Complaint, and every other process, pleading, and order served on Defendant in this action to date are attached hereto as the Exhibits identified below:

| **Exhibit** | **Document** |
|---|---|
| **A** | Complaint |
| **B** | Summons |
| **C** | Case Information Cover Sheet |
| **D** | Notice of Assignment |

3. Dollar General is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

## TIMELINESS OF REMOVAL

4. This action has not previously been removed to federal court.

5. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that such notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Dollar General has filed this Notice of Removal within 30 days of November



McGuireWoods LLP
16631 6th Ave SW
Burien, WA 98166
(206) 718-2343

24, 2025, the date on which Plaintiff served Dollar General's agent for service of process with the Complaint. Thus, this removal is timely.

**VENUE**

6. This Court has jurisdiction over this action under 28 U.S.C.§§ 1332, 1441, 1446, and all other applicable bases for removal. As required by 28 U.S.C. § 1441, Dollar General seeks to remove this case to the United States District Court for the Western District of Washington, which is the District Court embracing the place where the State Court Action was filed.

7. In accordance with 28 U.S.C. § 1446(d), Dollar General will provide contemporaneous written notice of this Notice of Removal to all adverse parties and to the Clerk of the State Court.

**REMOVAL JURISDICTION UNDER CAFA**

8. Dollar General avers that this Court also has original subject matter jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). Under CAFA, this Court has jurisdiction over class actions where any member of the class is a citizen of a state different from any defendant, and where the aggregate amount in controversy exceeds the sum of $5 million, exclusive of interest and costs, and the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members. 28 U.S.C. § 1332(d)(2)-(6). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

9. There is no presumption against removal under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 554 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court"). To the contrary, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.'" *Id.* at 554 (quoting S. Rep. No. 109-14, p. 43 (2005)).

10. This Court has jurisdiction over this case under CAFA, and this action is one which may be removed to this Court by Dollar General because: (1) the number of members of Plaintiff's proposed class is more than 100 class members; (2) there is minimum diversity of citizenship



McGuireWoods LLP
16631 6th Ave SW
Burien, WA 98166
(206) 718-2343

between Plaintiff's proposed class and Dollar General; and (3) under the applicable preponderance of the evidence standard, the amount in controversy for all class members exceeds $5,000,000.00.

**This is a Class Action**

11. CAFA defines a "class action" to include civil actions filed under state statutes or rules of procedure similar to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") that authorize an action to be brought by one or more representative persons as a class action.

12. Plaintiff brings this action on behalf of herself and a putative class. *See* Compl. at ¶ 5.2. The Complaint further alleges that it is brought as a class action, pursuant to Washington Civil Rule 23, and it purports to seek class certification and relief on behalf of the "Class." Washington Civil Rule 23. *See id.*, ¶¶ 5.1-5.5. Therefore, this action is a "class action" under CAFA.

**Minimum Diversity of Citizenship Exists**

13. Minimum diversity exists pursuant to 28 U.S.C. § 1332(d)(2)(A).

14. CAFA vests original jurisdiction in district courts to hear civil class actions in which "any member of a class of plaintiffs is a ***citizen*** of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) (emph. added). In other words, CAFA only requires minimal diversity. *See Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 680, n.5 (9th Cir. 2006) (citing § 1332(d)(2), (d)(2)(B)) ("One way to satisfy minimal diversity is by demonstrating that 'any member of a class of plaintiffs is ... a citizen or subject of a foreign state and any defendant is a citizen of a State.'").

15. **Plaintiff's Citizenship.** Plaintiff is a citizen of the State of Washington. The Complaint states that Plaintiff is a resident of Pacific County, Washington. *See* Compl. at ¶ 2.2; 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also, e.g.*, *Mondragon v. Capital One Auto Fin.*, 776 F.3d 880, 885-86 (9th Cir. 2013) (a person's continuing domicile in a state establishes citizenship for purposes of removal "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address).



McGuireWoods LLP
16631 6th Ave SW
Burien, WA 98166
(206) 718-2343

16. **Defendants' Citizenship.** Defendant DG Strategic VII, LLC is, and was at the time this action commenced on November 19, 2025, a limited liability company organized and existing under the laws of the State of Tennessee. *See* Declaration of JoAnn Lampe ("Lampe Decl.") at ¶ 3. The sole member of DG Strategic VII, LLC is, and at all times relevant to this action was, Dolgen NW, LLC, which is a limited liability company organized and existing under the laws of the State of Tennessee. *Id*. The sole member of Dolgen NW, LLC is, and at all times relevant to this action was, Dollar General Corporation, a Tennessee corporation with its headquarters and principal place of business in Goodlettsville, Tennessee. *Id.* Under Ninth Circuit precedent, a limited liability corporation is deemed to be a citizen of the state of each state in which its owners/members are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that a limited liability company is a citizen of every state of which its owners/members are citizen). Thus, DG Strategic VII, LLC is not a citizen of Washington, but rather was and is a citizen of Tennessee for purposes of removal. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (the principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination").[1]

17. Because Plaintiff is a citizen of a different state than Dollar General, minimum diversity exists.

**Size of Proposed Class**

18. Plaintiff alleges that Dollar General prohibits its hourly Washington workers from working second jobs and/or moonlighting. *See* Compl. at ¶ 1.1. Plaintiff seeks to represent all individuals employed by Dollar General in Washington State on or after January 1, 2020 who

---

[1] If this Court's jurisdiction is challenged, either by Plaintiff or *sua sponte*, Dollar General expressly reserves its right to supplement or amend its removal submission to present additional information regarding citizenship to demonstrate the existence of complete diversity.



McGuireWoods LLP
16631 6th Ave SW
Burien, WA 98166
(206) 718-2343

earned less than twice the applicable state minimum hourly wage. *Id.* at ¶ 5.2. Plaintiff further alleges that "Dollar General employs hundreds if not thousands of hourly employees in the State of Washington" and estimates the number of class members exceeds 100 persons. *Id.* at ¶¶ 4.2, 5.5(a). Since January 1, 2020, Dollar General has employed more than 1,000 employees in Washington State that earned less than twice the applicable state minimum hourly wage. *See* Declaration of Leslie Cheesman ("Cheesman Decl.") at ¶ 2. Therefore, the aggregate membership of the proposed class is *at least* 100 as required under CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

**The $5 Million Amount in Controversy Threshold is Satisfied**

19. Dollar General avers based on the following calculations that the amount in controversy exceeds $5,000,000.00 only for the purpose of establishing subject matter jurisdiction under CAFA. Dollar General's allegations and calculations are not admissions of liability or damages with respect to any aspect of this case, or to the proper legal test(s) applicable to Plaintiff's allegations, or whether a class action is proper. *See LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015) ("'Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and trial.'") (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015)).

20. As mentioned above, and consistent with Fed. R. Civ. P. 8(a), a removing defendant's notice of removal need only contain plausible allegations to demonstrate the amount in controversy. Evidentiary submissions are ***not required*** unless and until the removing defendant's allegations are contested by the plaintiff or questioned by the Court:

> In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Dart Cherokee*, 135 S.Ct. at 554. A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse*, 775 F.3d at 1202 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). As such, the ultimate inquiry is what



McGuireWoods LLP
16631 6th Ave SW
Burien, WA 98166
(206) 718-2343

amount is put "in controversy" by Plaintiff's complaint, not what a court or jury might later determine to be the actual amount of damages, if any. *See Ibarra*, 775 F.3d at 1198 n.1, (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal") (citing *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)); *St. Paul Mercury*, 303 U.S. at 291 ("the status of the case as disclosed by the complaint is controlling in the case of a removal"); *Wilder v. Bank of Am.*, 2014 WL 6896116, at *4 (C.D. Cal. Dec. 5, 2014) (determining amount in controversy requires that court assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint because the ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will actually owe).

21. The claims of the proposed class members in a "class action" are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. *See* 28 U.S.C. §§ 1332(d)(6), (11). In determining whether the amount in controversy exceeds $5,000,000, the Court must presume Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 993, 1001 (C.D. Cal. 2002).

22. Here, Plaintiff seeks $5,000 in statutory damages for each putative class member. Compl. ¶ 6.5. There are more than 1,000 putative class members. *See* Cheesman Decl. at ¶ 2. As a result, Plaintiff puts at least $5,005,000 in controversy (1,001 x $5,000 = $5,005,000).

23. Plaintiff also pleads that she is entitled to attorneys' fees. *See* Compl. at ¶ 6.5. Attorneys' fees, including future attorneys' fees, are properly considered in the analysis of the amount in controversy. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018). Courts use a benchmark rate of 25% of the potential damages as the amount of attorneys' fees. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998), overruled in irrelevant part by *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011); Powers v. Eichen, 229 F.3d 1249, 1256-57 (9th Cir. 2000) (holding that 25 percent of the aggregate amount in controversy is a benchmark for attorneys' fees awarded under the percentage of fund calculation). Accordingly, Plaintiff's request



McGuireWoods LLP
16631 6th Ave SW
Burien, WA 98166
(206) 718-2343

for attorneys' fees places an additional $1,251,250 in controversy (25% of $5,005,000). *See* Compl. at ¶¶ 1.1, 6.5.

24. Thus, a conservative estimate of the amount placed in controversy by the Complaint is $6,256,250. As a result, the $5,000,000 CAFA minimum amount in controversy threshold is satisfied. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922, 924 (9th Cir. 2019) (stating that notice of removal suffices if it contains "plausible allegations of the jurisdictional elements"). Accordingly, removal is proper under 28 U.S.C. § 1332(d).

**RESERVATION OF RIGHTS**

25. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Dollar General of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of Defendant's rights, claims, remedies, and defenses in connection with this action (including, without limitation, their right to compel arbitration of the claims asserted in this action), all of which are hereby fully and expressly reserved.

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed to this United States District Court for the Western District of Washington from the Superior Court of the State of Washington for the County of Thurston.

DATED: December 15, 2025

**MCGUIREWOODS LLP**

*/s/ Michael Scoville*
Michael Scoville, WSBA #44913
mscoville@mcguirewoods.com
16631 6th Ave SW
Burien, WA 98166
(206) 718-2343

Amy Morrissey Turk
(*Pro Hac Vice* forthcoming)
aturk@mcguirewoods.com
Virginia Bar No. 44957
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655

Tel: (757) 640-3711

Paul M. Chappell
(*Pro Hac Vice* forthcoming)
pchappell@mcguirewoods.com
Texas Bar No. 24097489
2601 Olive Street
Suite 2100
Dallas, TX 75201
Tel: (214) 932-6400

Attorneys for Defendant
DG STRATEGIC VII, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025, I caused a true and correct copy of the foregoing to be filed via the CM/ECF system, and to be served upon the following via the method(s) indicated below:

Jason A. Rittereiser, WSBA No. 43628
Donald W. Heyrich, WSBA No. 23091
Rachel M. Emens, WSBA No. 49047
Henry Brudney, WSBA No. 52602
Joseph W. Wright, WSBA No. 55956
Samuel N. Jackson, WSBA No. 54142
HKM EMPLOYMENT ATTORNEYS LLP
600 Stewart Street, Suite 901
Seattle, WA 98101
Email: jrittereiser@hkm.com
dheyrich@hkm.com
remens@hkm.com
hbrudney@hkm.com
jwright@hkm.com
sjackson@hkm.com

☐ via U.S. Mail, Postage Prepaid
☐ via Messenger Service
☒ via USDC Western WA CM/ECF
☒ via Email:

*/s/ Michael Scoville*
Michael Scoville



McGuireWoods LLP
16631 6th Ave SW
Burien, WA 98166
(206) 718-2343